UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x

12/6/05

UNITED STATES OF AMERICA,

- against -

DELROY DAVIS,

Defendant.

----------------------------------------x

04 Cr. 1135 (RWS)

SENTENCING OPINION

**Sweet, D.J.,**

Defendant Delroy Davis ("Davis") has pleaded guilty to possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(B), a Class B felony. Davis will be sentenced to a term of imprisonment of 37 months. Three years supervised release is also imposed.

**Prior Proceedings**

Davis was arrested on September 11, 2004. On October 12, 2004, an indictment was filed charging Davis with transporting approximately 581 grams of cocaine stored in the trunk of a car through the Bronx, New York, to Brooklyn, New York, for sale to a cooperating witness, in violation of 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(B). On March 24, 2005, the defendant appeared before this court and pled guilty as charged. The sentencing is scheduled for December 6, 2005.

1

**The Sentencing Framework**

In accordance with the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005) and the Second Circuit's decision in United States v. Crosby, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the advisory Sentencing Guidelines (the "Guidelines") establishing by the United States Sentencing Commission. Thus, the sentence to be imposed here is the result of a consideration of:

(1)  the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)  the need for the sentence imposed --

    (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B)  to afford adequate deterrence to criminal conduct;

    (C)  to protect the public from further crimes of the defendant; and

    (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)  the kinds of sentences available;

(4)  the kinds of sentence and the sentencing range established for --

    (A)  the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines ...;

(5)  any pertinent policy statement ... [issued by the Sentencing Commission];

2

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not. See Crosby, 397 F.3d at 111.

**The Defendant**

Davis was born on June 26, 1967 in Hannover, Jamaica. The defendant related that he was raised under poor conditions in Jamaica by his mother and step father.

The defendant was married to Melanie Askew Davis in August 2001 in New York, New York. Davis has four children as a result of other consensual relationships, all of whom live in Jamaica. According to Davis, he sends his children about $100 per month in financial assistance.

The defendant reported that in October 1999, he came to the United States on a nine-month work visa. He initially resided in Palm Springs, California for four months, but then relocated to Connecticut, where he has remained. He mentioned

3

that he overstayed his visa, but subsequently obtained a green card.

A records check with the Bureau of Immigration and Customs Enforcement revealed that the defendant is not legally residing in the United States and appears to be subject to removal proceedings. His date of entry was listed as March 11, 2003.

The defendant reported no history of mental or emotional disorders and no history of treatment for such. The defendant advised that he began smoking marijuana when he was 21 years old and has smoked marijuana practically every day since. Davis disclaimed the use of any other illicit substances.

The defendant stated that from about May 2004 until his arrest in the instant offense, he worked as a painter in Connecticut, where he reported earning approximately $200 per week. He also related that since 2001, he worked on and off as a waiter at a banquet hall in Glastonbury, Connecticut where he reported earning $10 per hour.

**The Offense Conduct**

In September 2004, a cooperating witness (the "CW") informed a special agent with the Bureau of Immigration and

4

Customs Enforcement (the "BICE") that Delroy Davis had contacted the CW and offered to provide the CW with cocaine.

In September 2004, the CW placed a call to Davis from New York, New York. The call was monitored by BICE agents. During the call, the CW ordered a half a kilogram of cocaine from Davis. Davis said that he would bring the cocaine from Connecticut and deliver it on about September 10, 2004.

On September 10, 2004 Davis told the CW that another individual would be driving him to deliver the cocaine. Davis said he would be arriving from Connecticut in a Honda Accord.

On September 11, 2004, the CW informed the case agent that Davis and another individual were in the vicinity of his residence in Brooklyn, New York. The case agent and other federal agents observed a Honda Accord in the vicinity of the CW's residence with two males inside. After stopping the car, federal agents removed Davis and Yourne Carwin from the car and they were arrested. Agents recovered a package containing what later tested positive to be powder cocaine. The substance weighed in excess of 500 grams.

On September 13, 2004, after waiving his Miranda rights, Davis stated that he had been paid to deliver narcotics to the CW and that he asked Carwin to drive him to New York to

deliver the drugs.

An indictment charging the above conduct was filed in the Southern District of New York on October 12, 2004. On March 24, 2005, Davis appeared before this court and pled guilty as charged.

**Relevant Statutory Provisions**

The maximum term of imprisonment that may be imposed for the instant offense is 40 years. See 21 U.S.C. §§ 841(b)(1)(b) and 846. The mandatory minimum sentence is five years. See id. The applicability of the statutory minimum sentence may be limited in certain cases pursuant to 18 U.S.C. §§ 3553(f)(1) - (5).

A term of at least four years' supervised release is required if a sentence of imprisonment is imposed. See id. The defendant is not eligible for probation because the instant offense is a Class B felony. See 18 U.S.C. §§ 3561(a)(1).

The maximum fine that may be imposed is $2,000,000. See 21 U.S.C. §§ 841(b)(1)(B) and 846. A special assessment of $100 per count is mandatory. See 18 U.S.C. §§ 3013.

Pursuant to the agreement of the parties, and based on

its findings that the relevant statutory criteria have been met, The Court in this case may impose a sentence in accordance with the applicable sentencing analysis, without regard to any statutory minimum sentence. See 18 U.S.C. § 3553(f).

**The Guidelines**

The November 1, 2004 edition of the United States Sentencing Commission Guidelines Manual ("the Guidelines") has been used in this case for calculation purposes, in accordance with U.S.S.G. § 1B1.11(b)(1).

The guideline for violation of 18 U.S.C. §§ 812, 841(a)(1), and 841(b)(1)(B) is found in U.S.S.G. § 2D1.1, which provides for a base offense level of 26, because the defendant possessed with intent to distribute at least 500 grams but less than 2 kilograms of cocaine. See U.S.S.G. §§ 2D1.1(a)(3) and (c)(6).

Davis has shown recognition of responsibility for his offense. Therefore his offense level is reduced two levels. See U.S.S.G. § 3E1.1(a). Furthermore, a one-level reduction is warranted, because Davis gave timely notice of his intention to plead guilty. See U.S.S.G. § 3E1.1(b). The resulting adjusted offense level is 23.

Davis meets the criteria for a "safety value reduction," as set forth in subdivisions (1) - (5) of U.S.S.G. § 5C1.2(a). Accordingly, the base offense level is decreased by 2 levels. See U.S.S.G. § 2D1.1(b)(6). Based on the foregoing, Davis' adjusted offense level is 21.

**Criminal History**

Davis has no known criminal convictions. Therefore, he has zero criminal history points and a Criminal History Category of I.

**Sentencing Options**

Based on a total offense level of 21 and a Criminal History Category of I, the Guidelines range of imprisonment is 37 to 46 months.

The guideline range for a term of supervised release is at least three years but not more than five years. See § 5D1.2(a)(1). If a sentence of imprisonment of one year or less is imposed, a term of supervised release is not required, but is optional. See U.S.S.G. § 5D1.1(b). Supervised release is required if the Court imposes a term of imprisonment of more than one year or when required by statute. See U.S.S.G. § 5D1.1(a).

Because the applicable guideline range is in Zone D of the Sentencing Table, Davis is not eligible for probation, pursuant to U.S.S.G. § 5B1.1, application note #2.

After determining the defendant's ability to pay, the Court may impose a fine pursuant to U.S.S.G. § 5E1.2. The fine range for the instant offense is from $7,500 to $2,000,000. See U.S.S.G. §§ 5E1.2(c)(3)(A) and (B); 18 U.S.C. § 3571.

## The Remaining Factors of Section 3553(a)

Having considered the Guidelines calculations, as set forth above, this Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a). Pursuant to all of the factors, it is hereby determined that a guideline sentence is warranted.

## The Sentence

An offense level of 21 and a Criminal History Category of I results in a Guidelines range of 37 to 46 months. Accordingly, a term of imprisonment of 37 months is hereby imposed.

Davis is also hereby sentenced to three years supervised release. Davis shall report to the nearest Probation

Office within 72 hours of release from custody, and supervision will be in the district of his residence.

As mandatory conditions of supervised release, Davis shall (1) not commit another federal, state, or local crime; (2) not illegally possess a controlled substance; (3) not possess a firearm or destructive device; (4) refrain from any unlawful use of a controlled substance; and (5) cooperate in the collection of DNA as directed by the probation officer.

Davis shall comply with the standard conditions of supervision and shall also comply with the following special conditions: (1) he shall participate in a program approved by the United States Probation Office, which program may include testing to determine whether he has reverted to using drugs or alcohol, the costs of services for which he will be required to contribute, in an amount determined by the probation officer, based upon his ability to pay; and (2) he shall obey the immigration laws and comply with the directives of immigration authorities.

Davis shall also pay to the United States a special assessment in the amount of $100, which shall be due immediately. Given Davis' inability to pay a fine, the fine in this case is waived.

It is so ordered.

**New York, NY**
**December 6, 2005**

ROBERT W. SWEET
U.S.D.J.